UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN EBERLE,

                Plaintiff,

v.                                       Case No. 12-15107

COMMISSIONER OF SOCIAL       HON. TERRENCE G. BERG
SECURITY,                             HON. MONA K. MAJZOUB
                Defendant.
                                          /

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation of November 26, 2013 (Dkt. 13), recommending that Plaintiff's motion for summary judgment be granted, in part, that Defendant's motion for summary judgment be denied, and that this matter be remanded, under sentence four,[1] for further proceedings.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Defendant filed timely objections (Dkt. 14) to the Report and Recommendation; Plaintiff did not file any objections. A district

---

[1] A claimant whose request for social security benefits is denied after an administrative hearing may appeal this decision to the district court, pursuant to 42 U.S.C. § 405(g). The fourth sentence of § 405(g) gives the district court the power to "enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," known as a "sentence-four remand." On a sentence-four remand, the administrative law judge retains the discretion to grant or deny a benefits award. *See Shalala v. Schaefer*, 509 U.S. 292, 304 (1993).

court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Majzoub's Report and Recommendation, and Defendant's objections thereto. For the reasons set forth below, Defendant's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court. Consequently, this matter is REMANDED pursuant to sentence four of to 42 U.S.C. § 405(g) for further proceedings, consistent with the discussion below.

## ANALYSIS

### A. The Social Security Act

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id.* Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id.* § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id.* § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.
>
> In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id.* § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id.* § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id.*; § 404.1560(c)(1).

3

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that []he is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). If the Appeals Council denies review, then the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v.*

*Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)).  For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

### B.     The ALJ Erred by not Proceeding Past Step Two

Plaintiff asserts the ALJ erred in determining she does not suffer from a "severe" impairment at step two of the sequential evaluation process and in failing to proceed to the next steps of the sequential evaluation process when evaluating her possible disability.  Magistrate Judge Majzoub agreed, and found that the ALJ's conclusion that Plaintiff did not suffer from a "severe" impairment at step two of the sequential evaluation process was not supported by substantial evidence.  Magistrate Judge Majzoub thus recommended that this matter be remanded to the Commissioner – under sentence four of 42 U.S.C. § 405(g) – for further administrative consideration; namely, completion of the next steps of the sequential evaluation process.  Defendant objects to this recommendation, arguing that the ALJ properly concluded that Plaintiff's medical records did not support a finding that Plaintiff suffered from a "severe impairment."  Defendant's objections are not well-taken.

The Sixth Circuit construes the step two "severe impairment" requirement as "a de minimis hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "Under the prevailing de minimis view, an impairment can be considered not severe only if it is a slight abnormality that

5

minimally affects work ability regardless of age, education, and experience." *Id*. The regulations define a "severe" impairment as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "At step two 'significant' is liberally construed in favor of the claimant." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 428 (6th Cir. 2007).

The ALJ found that Plaintiff suffered from asthma, chemical and environmental sensitivity, and migraines (Tr. 35) but found that these impairments did not significantly limit her ability to perform basic work-related activities (Tr. 35-38). In reaching this conclusion, the ALJ states that he relied on an evaluation prepared by Dr. Nadir Kahn, a consultative examiner; medical records from Dr. Deborah Peery, Plaintiff's primary care physician, and Dr. Paula Davey, Plaintiff's allergist; and medical records from St. Joseph Mercy Hospital (Tr. 37). The ALJ rejected the opinions of Plaintiff treating physicians, finding that these opinions were not supported by objective medical evidence, but were instead based solely on Plaintiff's subjective complaints.

Magistrate Judge Majzoub correctly concluded that the ALJ failed to discuss certain medical evidence in the record, namely treatment notes for Drs. Peery and Davey (Tr. 539-556, 576-583) and a Brain SPECT exam report from Dr. Theodore Simon indicating that Plaintiff suffered from neurotoxic exposure (Tr. 596). Indeed, a letter by Dr. Davey – Plaintiff's treating allergist – explicitly references the "Speck Scan" performed by Dr. Simon, and states that this scan "is one of the

definitive tests at present to aid in diagnosing this serious and disabling condition [i.e., neurotoxicity from environmental causes]" (Tr. 585-586). Dr. Davey summarizes Dr. Simon's findings, as indicating that Plaintiff does indeed suffer from neurotoxic exposure. This letter from Dr. Davey – Plaintiff's treating allergist – read in conjunction with Dr. Davey's treatment notes, appears to be the type of objective medical evidence that the ALJ should have discussed, but instead found was lacking in the record.

While the ALJ is not required to discuss every piece of evidence in the record, a failure to discuss this objective evidence, in the face of a conclusion that no such evidence exists, is reversible error. This error is particularly salient in this case, given that the ALJ denied Plaintiff's claim at step two, a de minimus hurdle. In sum, remanding this matter is appropriate because the ALJ erred in finding that Plaintiff failed to clear the de minimus hurdle necessary to establish that her migraines and asthma attacks, related to chemical sensitivity, have more than a minimal effect on Plaintiff's ability to perform work-related activities.

## CONCLUSION

For the reasons set forth above,

It is hereby ORDERED that Magistrate Judge Majzoub's Report and Recommendation of November 26, 2013 (Dkt. 13) is ACCEPTED and ADOPTED.

It is FURTHER ORDERED that Plaintiff's motion for summary judgment (Dkt. 10) is GRANTED IN PART and Defendant's motion for summary judgment (Dkt. 12) is DENIED.

It is FURTHER ORDERED that this matter be REMANDED for further proceedings consistent with this opinion.

                                            s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

Dated: March 20, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 20, 2014, using the CM/ECF system, which will send notification to each party.

                                      By: s/A. Chubb
                                            Case Manager